IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN HARRIS,   No. CIV S-08-1615-GEB-CMK-P

    Plaintiff,

  vs.   ORDER

JAMES WALKER, et al.,

    Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 19).[1] The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

/ / /

/ / /

/ / /

---

[1] In response to the court's October 29, 2008, screening order, plaintiff filed separate first amended complaints as to each named defendant on November 26, 2008 (Docs. 11, 12, 13, 14, and 15). On February 20, 2009, the court directed plaintiff to file a single pleading, which he did on March 20, 2009 (Doc. 19).

1

Plaintiff names the following as defendants: Walker, Williamson, Moreno, Hronek, and Igbokwe.[2] As in the original complaint, plaintiff claims that defendant Williamson filed a "false report" indicating that he was qualified for double-cell status despite plaintiff's history since December 2006 of single-cell status. He claims that his cellmate – inmate Ford – posed a safety risk because inmate Ford was suicidal. He asserts that defendant Moreno failed to submit a "doubt cell review."[3] Plaintiff claims that defendant Williamson denied him a right to inmate appeals by "lose or destroying his [grievances]." As to defendants Hronek and Moreno, plaintiff claims that these defendants ". . . ordered Plaintiff to receive false CDC 115 [rules violation report], told Plaintiff he would be taken to administrative segregation," in violation of his due process rights. As to defendant Igbokwe, plaintiff states that he ". . . requested staff assistant on June 13, 2008, and correctional officer Igbokwe, was assigned as the investigative employee. . ." and adds: "A due process claim based on procedures used in a prison disciplinary proceeding." It appears that plaintiff claims that defendant Igbokwe refused to investigate his case. Plaintiff claims that defendant Walker, the prison warden, was aware of the alleged violations and failed to prevent them.

To the extent plaintiff attempts to assert an Eighth Amendment safety claim based on his allegations that inmate Ford posed a danger, plaintiff's allegations are insufficient. Specifically, while plaintiff alleges that inmate Ford is suicidal, he does not allege facts to suggest that inmate Ford poses any danger to plaintiff, or that any defendant knew of such a risk. Reading the complaint in the light most favorable to plaintiff and construing the factual allegations liberally, however, the court finds that plaintiff states a due process claim relating to the prison disciplinary process.

/ / /

---

[2] These are the same defendants named in the original complaint.

[3] It is unclear what plaintiff means by "doubt cell review," but the court presumes this refers to plaintiff's double-cell classification.

1 | The first amended complaint appears to state a cognizable claim for relief
2 | pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff
3 | has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds
4 | that service is appropriate and will direct service by the U.S. Marshal without pre-payment of
5 | costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff
6 | complies with this order. Plaintiff is warned that failure to comply with this order may result in
7 | dismissal of the action. See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. The court authorizes service on the following defendant(s):

      WALKER,

      WILLIAMSON,

      HRONEK,

      MORENO, and

      IGBOKWE;

2. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the first amended complaint filed on March 20, 2009; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;
    b. One completed summons;
    c. Five completed USM-285 form(s); and
    d. Six copies of the endorsed first amended complaint filed on March 20, 2009.

DATED: April 22, 2009

                              **CRAIG M. KELLISON**
                              UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

MARVIN HARRIS,   No. CIV S-08-1615-GEB-CMK-P

    Plaintiff,

  vs.

JAMES WALKER, et al.,

    Defendants.

_____/

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

    Plaintiff hereby submits the following documents in compliance with the court's order:

    __1__    completed summons form;

    ____    completed USM-285 form(s); and

    ____    copies of the first amended complaint.

DATED: _____                            _____

                                                                     Plaintiff