IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS, | No. CIV S-08-1615-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| JAMES WALKER, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are: (1) plaintiff's motion for entry of default judgment (Doc. 48); and (2) plaintiff's motion for disqualification of the undersigned (Doc. 46).

   Default judgment is not appropriate because plaintiff has not yet obtained entry of default.  See Fed. R. Civ. P. 55.  Construing plaintiff's motion as a request for entry of default, the court declines to enter defendants' default because the time to file a response to plaintiff's complaint has not yet passed.  On July 27, 2009, defendants requested an extension of time to file a response to the complaint and, by separate order, the court grants that request.  Defendants' response is due by September 10, 2009.  Therefore, plaintiff's motion for default judgment, which is construed as a request for entry of default, is denied.

1

1  Plaintiff also seeks the disqualification of the undersigned.  Plaintiff brings this
2  motion pursuant to California Code of Civil Procedure § 170.1, which does not apply in this
3  federal action, and 28 U.S.C. §§ 144 and 455(b)(1).  Under 28 U.S.C. § 144, a federal judge is
4  required to disqualify himself from presiding in an action where a litigant shows by affidavit
5  "personal bias or prejudice either against him or in favor of any adverse party. . . ."  The affidavit
6  must state the facts and reasons for the litigant's belief that bias or prejudice exists.  See id.
7  Under 28 U.S.C. § 455(b)(1), a federal judge must disqualify himself "[w]here he has a personal
8  bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts
9  concerning the proceeding."

10  In his motion, plaintiff states that the undersigned must be disqualified because
11  "bias prejudice stems from extrajudicial . . . court order dated May 19, 2009, source and
12  reasonably questions his Craig M. Kellison, U.S. M. Judge, impartiality."  Plaintiff attaches to his
13  motion a copy of the court May 19, 2009, order directing service of this action by the United
14  States Marshal without prepayment of costs.  He also attaches a copy of defendants' July 27,
15  2009, request for an extension of time to file a response to plaintiff's complaint.  Finally, he
16  attaches a copy of the court's July 27, 2009, order which denied various discovery motions as
17  premature, struck improperly filed discovery requests, and disregarded plaintiff's premature
18  motion for summary judgment and related filings.

19  At the outset, the court observes that it may rule on plaintiff's motion to disqualify
20  and need not assign the matter to another judge for consideration.  See United States v. Azhocar,
21  581 F.2d 735, 738 (9th Cir.1978) (citing Berger v. United States, 255 U.S. 22, 32-34 (1922)).
22  Turning to the merits of plaintiff's motion, the court concludes that none of the documents
23  attached to plaintiff's motion demonstrates bias or prejudice against plaintiff or in favor of
24  defendants.  Specifically, adverse rulings do not constitute the requisite bias or prejudice.  See id.
25  at 739.
26  / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (Doc. 48) is construed as a request for entry of default and, so construed, is denied; and

2. Plaintiff's motion to disqualify the undersigned (Doc. 46) is denied.

DATED: August 5, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE