1
2
3
4
5
6
7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS, | No. CIV S-08-1615-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| JAMES WALKER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second motion for disqualification of the undersigned (Doc. 53).

Under 28 U.S.C. § 144, a federal judge is required to disqualify himself from presiding in an action where a litigant shows by affidavit "personal bias or prejudice either against him or in favor of any adverse party. . . ." The affidavit must state the facts and reasons for the litigant's belief that bias or prejudice exists. See id. Under 28 U.S.C. § 455(b)(1), a federal judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

///

In his renewed motion, plaintiff states that the undersigned must be disqualified because of bias and prejudice. Plaintiff cites recent court orders in support of this contention. At the outset, the court observes that it may rule on plaintiff's motion to disqualify and need not assign the matter to another judge for consideration. See United States v. Azhocar, 581 F.2d 735, 738 (9th Cir.1978) (citing Berger v. United States, 255 U.S. 22, 32-34 (1922)). Turning to the merits of plaintiff's motion, the court concludes that none of the documents attached to plaintiff's motion demonstrates bias or prejudice against plaintiff or in favor of defendants. Specifically, adverse rulings do not constitute the requisite bias or prejudice. See id. at 739.

Accordingly, IT IS HEREBY ORDERED that plaintiff's second motion to disqualify the undersigned (Doc. 53) is denied.

DATED: August 27, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE